MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SHARMA RAAMANUJ,

                  *Plaintiff*,

        -against-

ZAIKA FOOD COMPANY LLC (D/B/A
ZAIKA), MANDEEP S OBEROI, and POOJA
S PATEL,

                  *Defendants.*
-------------------------------------------------------X

                                **COMPLAINT**

                                **ECF Case**

       Plaintiff Sharma Raamanuj ("Plaintiff Raamanuj" or "Mr. Raamanuj"), by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Zaika Food Company LLC (d/b/a Zaika), ("Defendant Corporation"), Mandeep S Oberoi, and Pooja S Patel, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiff Raamanuj is a former employee of Defendants Zaika Food Company LLC (d/b/a Zaika), Mandeep S Oberoi, and Pooja S Patel.

       2.     Defendants own, operate, or control an Indian restaurant, located at 230 East 44th Street, New York, NY 10017 under the name "Zaika".

       3.     Upon information and belief, individual Defendants Mandeep S Oberoi, and Pooja S Patel, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Raamanuj was employed as a chef at the restaurant located at 230 East 44th Street, New York, NY 10017.

5.     At all times relevant to this Complaint, Plaintiff Raamanuj worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.     Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Raamanuj appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Raamanuj the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Raamanuj wages.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Raamanuj to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Raamanuj now brings this action on behalf of himself, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Raamanuj's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Indian restaurant located in this district. Further, Plaintiff Raamanuj was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Raamanuj was employed by Defendants at Zaika New York from approximately September 2017 until on or about June 18, 2018.

### *Defendants*

14.     At all relevant times, Defendants owned, operated, or controlled an Indian restaurant, located at 230 East 44th Street, New York, NY 10017 under the name "Zaika".

15.     Upon information and belief, Zaika Food Company LLC (d/b/a Zaika) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 230 East 44th Street, New York, NY 10017.

16.     Defendant Mandeep S Oberoi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mandeep S Oberoi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mandeep S Oberoi possesses operational control over Defendant Corporation, an ownership interest

in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of Plaintiff Raamanuj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

17.     Defendant Pooja S Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pooja S Patel is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Pooja S Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of Plaintiff Raamanuj, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

18.     Defendants operate an Indian restaurant located in the Midtown East Section of Manhattan in New York City.

19.     Individual Defendants, Mandeep S Oberoi, and Pooja S Patel, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

20.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21.     Each Defendant possessed substantial control over Plaintiff Raamanuj's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Raamanuj.

22.     Defendants jointly employed Plaintiff Raamanuj and are Plaintiff Raamanuj's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23.     In the alternative, Defendants constitute a single employer of Plaintiff Raamanuj.

24.     Upon information and belief, Individual Defendants Mandeep S Oberoi and Pooja S Patel operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f)  intermingling assets and debts of their own with Defendant Corporation,

   g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h)  Other actions evincing a failure to adhere to the corporate form.

25.     At all relevant times, Defendants were Plaintiff Raamanuj's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Raamanuj, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Raamanuj's services.

26.     In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

27.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Plaintiff Sharma Raamanuj*

28.     Plaintiff Raamanuj was employed by Defendants from approximately September 2017 until on or about June 18, 2018.

29.     Defendants employed Plaintiff Raamanuj as a chef.

30.     Plaintiff Raamanuj regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

31.     Plaintiff Raamanuj's work duties required neither discretion nor independent judgment.

32.     Throughout his employment with Defendants, Plaintiff Raamanuj regularly worked in excess of 40 hours per week.

33.     From approximately September 11, 2017 until on or about October 9, 2017, Plaintiff Raamanuj worked from approximately 10:00 a.m. until on or about 7:00 p.m., Mondays through Saturdays (typically 54 hours per week).

34.     From approximately October 10, 2017 until on or about April 23, 2018, Plaintiff Raamanuj worked from approximately 11:00 a.m. until on or about 10:00 p.m., 4 days a week and

from approximately 11:00 a.m. until on or about 10:30 p.m., Saturdays and Sundays (typically 67 hours per week).

35.     From approximately May 21, 2018 until on or about June 2018, Plaintiff Raamanuj worked from approximately 10:00 a.m. until on or about 10:00 p.m., 4 days a week and from approximately 10:00 a.m. until on or about 10:30 p.m., Saturdays and Sundays (typically 73 hours per week).

36.     Throughout his employment, Defendants paid Plaintiff Raamanuj his wages by check.

37.     Defendants agreed to pay Plaintiff a salary of $1,750 per work week. However, on most weeks, if paid at all, Defendants paid Plaintiff less than the agreed upon $1,750 weekly salary.

38.     For approximately twenty-four days, Defendants did not pay Plaintiff Raamanuj any wages for his work.

39.     Plaintiff Raamanuj was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

40.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Raamanuj regarding overtime and wages under the FLSA and NYLL.

41.     Defendants did not provide Plaintiff Raamanuj an accurate statement of wages, as required by NYLL 195(3).

42.     Defendants did not give any notice to Plaintiff Raamanuj, in English (Plaintiff Raamanuj's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

43.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Raamanuj to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

44.     Plaintiff Raamanuj was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

45.     Defendants' pay practices resulted in Plaintiff Raamanuj not receiving payment for all his hours worked, and resulted in Plaintiff Raamanuj's effective rate of pay falling below the required minimum wage rate.

46.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

47.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Raamanuj worked, and to avoid paying Plaintiff Raamanuj properly for his full hours worked.

48.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying Plaintiff Raamanuj compensation by knowingly violating the FLSA and NYLL.

49.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Raamanuj.

50.     Defendants failed to provide Plaintiff  Raamanuj with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

51.     Defendants failed to provide Plaintiff Raamanuj, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

52.     Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

53.     At all times relevant to this action, Defendants were Plaintiff Raamanuj's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Raamanuj, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

54.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

55.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

56.     Defendants failed to pay Plaintiff Raamanuj at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

57.     Defendants' failure to pay Plaintiff Raamanuj at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

58.     Plaintiff Raamanuj was damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

59.     Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

60.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Raamanuj (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

61.     Defendants' failure to pay Plaintiff Raamanuj (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

62.     Plaintiff Raamanuj was damaged in an amount to be determined at trial.

<u>THIRD CAUSE OF ACTION</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

63.     Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

64.     At all times relevant to this action, Defendants were Plaintiff Raamanuj's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Raamanuj, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

65.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Raamanuj less than the minimum wage.

66.     Defendants' failure to pay Plaintiff Raamanuj the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

67.     Plaintiff Raamanuj was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

68.      Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

69.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Raamanuj  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70.     Defendants' failure to pay Plaintiff Raamanuj overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71.     Plaintiff Raamanuj was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

72.      Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

73.      Defendants failed to pay Plaintiff Raamanuj one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Raamanuj's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

74.      Defendants' failure to pay Plaintiff Raamanuj an additional hour's pay for each day PlaintiffRaamanuj's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

75.      Plaintiff Raamanuj was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

76.      Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

77.      Defendants failed to provide Plaintiff Raamanuj with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78.      Defendants are liable to Plaintiff Raamanuj in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

79.    Plaintiff Raamanuj repeats and realleges all paragraphs above as though fully set forth herein.

80.    With each payment of wages, Defendants failed to provide Plaintiff Raamanuj with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81.    Defendants are liable to Plaintiff Raamanuj in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**(Violation of the New York Labor Law- Gap Time)**

82.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

83.    Defendants, in violation of the NYLL, failed to pay Plaintiffs (and the class members) the regular rate of pay for all hours worked.

84.    Defendants' failure to pay Plaintiffs have been willful within the meaning of N.Y. Lab. Law § 663.

85.    Plaintiffs (and the class members) have been damaged in an amount to be determined at trial.

- 13 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Raamanuj respectfully requests that this Court enter judgment against Defendants by:

(a)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Raamanuj;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Raamanuj;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Raamanuj's compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Raamanuj;

(e)     Awarding Plaintiff Raamanuj damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Raamanuj liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Raamanuj;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Raamanuj;

- 14 -

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Raamanuj;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Raamanuj;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Raamanuj's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Raamanuj;

(m)     Awarding Plaintiff Raamanuj damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Raamanuj damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Raamanuj liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Raamanuj pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Raamanuj and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Raamanuj demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 5, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ *Gennadiy Naydenskiy*_____
        Gennadiy Naydenskiy [GN5601]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 28, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Raamanuj Sharma

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:   10/28/19          October 28, 2019

*Certified as a minority-owned business in the State of New York*