# NAYDENSKIY LAW FIRM, LLC

*426 Main St, #201, Spotswood, NJ, 08884, Naydenskiylaw@gmail.com, (718) 808-2224*

**BY ECF**

December 9, 2021

**Honorable Analisa Torres**
**United States District Court**
**Southern District of New York**
**500 Pearl Street**
**New York, NY, 10007**

Re:     ***SHARMA RAAMANUJ v. ZAIKA FOOD COMPANY LLC (D/B/A ZAIKA)*** *ET AL.*
         **20-cv-04317**

## MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Torres,

    We represent Plaintiff Sharma Raamanuj ("Plaintiff") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of Fifty-Five Thousand Dollars ($55,000), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

### BACKGROUND

    Plaintiff filed a Complaint on June 5, 2020, asserting, *inter alia*, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him overtime pay for all hours worked in excess of 40 hours per week, and failing to provide wage notices and accurate wage statements. Prior to Defendants filing an answer, the parties attended mediation with an experienced mediator and agreed to settle Plaintiff's claims.

### CLAIMS AND DEFENSES

    Plaintiff alleges he was not paid wages and overtime wages for the times he was required to work in excess of 40 hours per work week. Additionally, Plaintiff alleges Defendants failed to provide him with an initial hiring notice and accurate wage statements as required by NYLL§195.
    It is Defendants' position that Plaintiff was a partner in the business or, in the alternative, an exempt executive, not subject to the FLSA and NYLL overtime rules.   And, even if Defendant was not exempt, he rarely, if ever, worked more than 40 hours in a week.

Accordingly, if not for the settlement, Defendants would have asserted counter-claims against Plaintiff to recoup business losses, as well as affirmative and other defenses to his claims. It is because of these anticipated counterclaims, several of which fall outside of the FLSA, that the parties have included a general release of claims in the Settlement Agreement.

Thus, in order to avoid further litigation, trial, and motion practice, the parties agreed to proceed to mediation and settle the case.


## SETTLEMENT AMOUNT

Plaintiff alleges Defendants employed Plaintiff as a Chef from approximately September 2017 through on or about June 18, 2018. Plaintiff alleges, depending on the time period, he worked between 54 and 78 hours. Plaintiff alleges he was not paid overtime pay for hours worked over 40 hours per week. As detailed in the attached damages calculation as Exhibit B, in accordance with the complaint and Plaintiff's declaration submitted for his motion for default judgment (ECF #47), Plaintiff is owed $78,060.94 in overtime wages, $2,659 for spread of hours violations, and $22,955.62[1] in gap time wages. Additionally, Plaintiff is owed liquidated damages, pre-judgment interest, and statutory damages for violations of NYLL 195 hiring notice and wage statement requirements.

Therefore, Plaintiff's best case award would be $219,628.38. However, in light of Defendants potential counterclaim that Plaintiff was a partner and defenses that he was either an exempt employeeor otherwise not entitled to overtime premium pay, and in order to avoid protracted litigation, a settlement of $55,000.00 is a fair and reasonable settlement conducted at arms-length, through an experienced mediator.


## ATTORNEY FEES

The settlement agreement provides that Plaintiff's counsel will recover $18,333.33, equaling one-third of the $55,000 settlement.

This matter was initially retained by Michael Faillace & Associates. Upon Gennadiy Naydenskiy's departure from Michael Faillace & Associates, Plaintiff consented to change attorneys to Naydenskiy Law Firm. Subsequently, Michael Faillace was suspended and CSM Legal P.C. became the successor firm. Accordingly, of the $18,333.33, CSM Legal P.C. respectfully requests $4,977.50 and $932 in costs[2].

Plaintiff's counsel litigated a risky FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424.Here, Plaintiff seeks hourly rates of $350 for Gennadiy Naydenskiy, Principal of Naydenskiy Law Firm ("NLF"). Gennadiy Naydenskiy,                         is a 2013 graduate of the State University of New York at Buffalo Law School,                admitted                to

---

[1] Plaintiff's Declaration in support of his motion for default judgment states that he is owed $24,705.62 in gap time wages. However, the accurate calculation is that Plaintiff is owed $22,955.62 in gap time wages.
[2] Naydenskiy Law Firm consent to CSM Legal's request.

the New Jersey Bar and the United States District Court, District of New Jersey, in December 20
13, the New York Bar in February 2014, the United States District Court, Southern District of
New York in June 2014, and the United States District Court, Eastern District of New York in July
2014. 99% of Gennadiy Naydenskiy's case load concentrates on wage and hour individual, multi-
plaintiff, collective and class actions in this Court, the Eastern District of New York, and New
York State Courts. From the beginning of my career, I focused my practice and work to wage and
hour violations as an associate for Michael Faillace & Associates, solo practitioner, and an
associate for Harrison, Harrison, and Associates.

Thus, these hourly rates are in line with hourly rates approved by other courts in this
District for attorneys with similar experience. *See e.g. Jemine v. Dennis,* --- F.Supp.2d ---
, 2012 WL 4482769 (E.D.N.Y., Sept. 28, 2012)
(Mauskopf, DJ)(stating that "the prevailing hourly rates for partners in this
district are between $300 and $400"); *Concrete Flotation Sys., Inc., v. Tadco Constr. Corp.*,
2010 WL 2539771, at *4 (E.D.N.Y., 2010)(same). Gennadiy Naydenskiy expanded 12.5 hours in
relation to this matter.

Thus, the contingency amount of $18,333.33 is less than two times the lodestar
amount. CSM Legal's time records are attached as Exhibit "B". Naydenskiy Law Firm's
contemporaneous time records of work performed in relation to the case are attached hereto as
exhibit "C".


## THE SETTLEMENT SHOULD BE APPROVED

The standard for approval of FLSA settlement is well established in the Second Circuit. As
stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch
Transp. of NY. Inc.:*

> When deciding whether to approve a motion for settlement of in
> dividual FLSA claims, the Court considers whether the agreeme
> nt reflects a reasonable compromise of disputed issues [rather] t
> han a mere waiver of statutory rights brought about by an emplo
> yers overreaching. In the absence of a certified class, a
> district court typically considers the following factors to determi
> ne whether a settlement of individual FLSA claims is reasonable
> : (1) the complexity, expense, and likely duration of litigation ;
> (2) the stage of the proceedings and the amount of discovery co
> mpleted; (3) the risks of establishing liability; (4) the risks of est
> ablishing damages; (5) the ability of defendants to withstand a l
> arger judgment ; and (6) the range of reasonableness in light of t
> he best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J)
(citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coa
tings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081 , at *2 (E.D.N.Y. Nov
. 21 , 2014) (evaluating and approving a settlement using the above factors as well as comparing
the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No.

10 Civ. 1 145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food S tores, Inc. v. United States,* 679 F.2d 1350, 1353-
54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of conte sted litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 C iv. 7679 (CM), *et al,* 2013 WL 4830949, at * J O (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Br ennan,* No. 10 Civ. 4712 (CM), 201 1 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 201 1); *Lynn's F ood Stores,* 679 F.2d at 1353-
54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate in dicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 1 2 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores , 679* F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG ),
2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement refl ects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 201 1 W L 6399468, at *2 (S.D.N.Y. July 1 1, 201 1 ) ("Courts approve FLSA settlements when they are reached as
a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversari al nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If t he proposed settlement reflects a reasonable compromise over contested issues,
courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating Cm1J.,* N o. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA - not Rule 23 - settlement where the proposed settlement resolved contested litigation in a *bona fi de* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienc ed counsel).

Based on the above, the proposed settlement, which provides for a payout of $55,000 and was the result of hard fought and arms-length negotiations with an experience mediator is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes he will ultimately prevail on his claims, he acknowledges the risks involved with continuing litigation and establishing damages. Based on the above, the $55,000 settlement achieved pre-answer falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved.
*See, e.g. Calle,* 2014 WL 6621081, at *3-
4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at * I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 36 25501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: December 10, 2021

By:     */s/ Gennadiy Naydenskiy*
        Gennadiy Naydenskiy (GN5601)
        426 Main St, #201

Spotswood, NJ, 08884
718-808-2224
*Attorney for Plaintiff*


By:     <u>*/s/ Catalina Sojo*</u>
Catalina Sojo
60 East 42nd St, Suite 4510
New York, NY,
212-317-1200
*On behalf of CSM Legal, P.C. as to its
request for attorney fees and costs*

# EXHIBIT A

# SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** SHARMA RAAMANUJ ("Plaintiff") and ZAIKA FOOD COMPANY LLC (D/B/A ZAIKA), MANDEEP S OBEROI, and POOJA S PATEL ("Defendants") as follows:

**WHEREAS**, Plaintiff commenced an action in United States District Court, Southern District of New York on June 5, 2020 styled as *SHARMA RAAMANUJ v. ZAIKA FOOD COMPANY LLC (D/B/A ZAIKA), MANDEEP S OBEROI, and POOJA S PATEL*, Civil Action No. 1:20-cv-04317-AT (hereinafter the "Action") in which he has asserted various claims and avers he is entitled to alleged, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice and wage statement violations under the NYLL;

WHEREAS, it is Defendants' position that had the Action not settled prior to Defendants responding to the Complaint, Defendants would have denied that Plaintiff was an employee, and asserted various counterclaims against Plaintiff, including breach of contract and breach of fiduciary duty, alleging, *inter alia*, that he was partner in Defendant Zaika responsible for his share of the business losses in excess of $1.3M

**WHEREAS**, The parties deny all of the material allegations asserted against them and deny and continue to deny that either, or any of them has violated any law, rule or regulation or committed any wrong whatsoever; and

**WHEREAS**, Plaintiff and Defendants, in good faith, and with the assistance of a highly-qualified and experienced mediator, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes without any admission of liability by entering into this Settlement Agreement (hereinafter, the "Agreement"):

1

**NOW, THEREFORE**, the Plaintiff and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.      In full, final and complete settlement of the claims that were or could have been asserted in the Action, including, without limitation, any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential FLSA and/or NYLL claims asserted by the Plaintiff, including attorneys' fees and cost, a n d   c l a i m s   t h a t   c o u l d   h a v e   b e e n   a s s e r t e d   b y D e f e n d a n t s ,   Defendants hereby agree to cause to be paid to the Plaintiff the gross sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00), as follows:

(a)     Within 30 days of the later of Defendants' Counsel's receipt of the signed Agreement and all completed and signed tax forms as set forth in subsections i-iii below; Court Approval of the Settlement Agreement; or a Court Order dismissing the action with prejudice Defendants will remit the following payment:

i.   SHARMA RAAMANUJ –one check in the gross amount of Eighteen Thousand Three Hundred Thirty Three Dollars and Thirty Four Cents ($18,333.34) with lawful deductions and subject to reporting at the appropriate time via an IRS Form W-2 .  SHARMA RAAMANUJ shall return a fully-completed and signed IRS Form W-4 with this signed Agreement

ii.  A second check in the amount of Eighteen Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($18,333.33), subject to reporting at the appropriate time via an IRS Form 1099. SHARMA RAAMANUJ shall execute and return a fully-completed and signed IRS Form W-9 with this Agreement.

iii. NAYDENSKIY LAW FIRM, LLC -  Eighteen Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($18,333.33) for reasonable legal fees and costs, subject to reporting at the

2

appropriate time to NAYDENSKIY LAW FIRM, LLC and Plaintiff via IRS Forms 1099.

NAYDENSKIY LAW FIRM, LLC shall return a fully-complete and signed IRS Form W-9 with

this signed Agreement.

(b)　　Plaintiff acknowledges that he has not relied on any statements or representations by Defendants or their attorneys with respect to the tax treatment of the payments described in this section. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from Plaintiff from any payment above (or any part thereof), Plaintiff acknowledges and assumes all responsibility for paying Plaintiff side taxes and further agrees to indemnify and hold Defendants harmless for payment of any additional Plaintiff side taxes and any interest and penalties thereon.

*(c)*　　Both parties warrant that they are not aware of any attorneys' liens placed on this matter that are not otherwise resolved by this Agreement.
.

2.　　The Parties hereby stipulate, acknowledge and understand that payment of the

Settlement Funds constitutes good and valuable consideration for the releases contained herein

(a).　　Plaintiff hereby , acting on his own free will and volition, and on behalf of

himself, his heirs, administrators, executors, representatives, successors and assigns, in

their capacities as such, release the Defendants, their subsidiaries, affiliates,

shareholders, owners, directors, officers, employees, agents, heirs, administrators,

executors, representatives, successors and assigns, in their capacities as such, from

any and all debts, obligations, claims, demands, orders, judgments or causes of

action, whether known or unknown, suspected or unsuspected arising

before the Effective Date of this Agreement, including but not limited to anything to do

with his employment or the end of his employment. This means all claims and rights

related to:

- pay, compensation or benefits including backpay, frontpay, bonuses, commissions, equity, expenses, incentives, insurance, paid/unpaid leave/time off, profit sharing, salary, or separation pay/benefits;

- compensatory, emotional or mental distress damages, punitive or liquidated damages, attorney fees, costs, interest or penalties;

- violation of express or implied employment contracts, covenants, promises or duties, intellectual property or other proprietary rights;

- unlawful or tortious conduct such as assault or battery; background check violations; defamation; detrimental reliance; fiduciary breach; fraud; indemnification; intentional or negligent infliction of emotional distress; interference with contractual or other legal rights; invasion of privacy; loss of consortium; misrepresentation; negligence (including negligent hiring, retention or supervision); personal injury; promissory estoppel; public policy violation; retaliatory discharge; safety violations; posting or records-related violations; wrongful discharge; or other federal, state or city/local statutory or common law matters;

- discrimination, harassment or retaliation (including, but not limited to, under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Uniformed Service Employment and Reemployment Rights Act, the Occupational Health and Safety Administration rules and regulations, the New York State Human Rights Law and/or the New York City Human Rights Law) based on age, benefit entitlement, citizenship, color, concerted activity, disability, ethnicity, gender, gender identity and expression, genetic information, immigration status, income source, jury duty, leave rights, military status, national origin, parental status, protected off-duty conduct, race, religion, retaliation, sexual orientation, union activity, veteran status, whistleblower activity, Sarbanes-Oxley, Dodd-Frank and False Claims Act claims), other legally protected status or activity; or any allegation that payment under this Agreement was affected by any such discrimination, harassment or retaliation; and

- participation in any class, collective, or representative action against any Releasee.

(b). Defendants, h e r e b y , a c t i n g o n b e h a l f o f their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, h e r b y r e l e a s e P l a i n t i f f from any and all debts, obligations, claims, demands, orders, judgments or causes of action, w h e t h e r k n o w n o r u n k n o w n , s u s p e c t e d o r u n s u s p e c t e d , arising before the Effective Date of this Agreement

3.     Plaintiff has consulted with his own attorney, NAYDENSKIY LAW FIRM, LLC, before signing this Agreement. Defendants have consulted with their own attorney, Lipsky Lowe, LLP, before signing this Agreement.

4.     By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. No Party hereto shall be deemed to be a prevailing party for any purpose.

5.     If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

6.     The parties agree that the United States District Court, Southern District of New York shall retain Jurisdiction for all purposes. The parties agree Plaintiff has the right to re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

7.     In the event any party violates, or purports to violate, any of the provisions

of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

8.      By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

9.      This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

10.     This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

12.     For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Firm, LLC, 426 Main St, #201, Spotswood, NJ, 08884.

For Defendant(s): Alfons D'Auria or Christopher Lowe, Lipsky Lowe, LLP, 420 Lexington Ave, Suite 1830, New York, New York 10170.

Date:   12/08/2021

_Raamanuj Sharma_
_____

SHARMA RAAMANUJ


Date:   12/8/2021


_Mandeep Oberoi_
_____

ZAIKA FOOD COMPANY LLC (D/B/A ZAIKA)


By: Mandeep Oberoi
_____


Date:   12/8/2021


_Mandeep Oberoi_
_____

MANDEEP S OBEROI


Date:   12/8/2021

_Pooja Patel_
_____

POOJA S PATEL

# EXHIBIT B

# *CSM Legal, P.C.*

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Sharma Raamanuj                                                    November 24, 2021

|  |  | File #: | Zaika |
|---|---|---|---|
| **Attention:** |  | Inv #: | Sample |

**RE:**

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jan-14-20 | Drafted Demand Letter and Sent for Service | 0.75 | 75.00 | PL |
| Mar-25-20 | review complaint and telephone call with PL | 0.50 | 175.00 | GN |
| Jun-10-20 | Filed NOA and Complaint under GNs account | 0.20 | 20.00 | PL |
|  | Filed  Statement of Relatedness | 0.10 | 10.00 | PL |
| Jun-15-20 | Calendared initial pretrial conference and the initial pretrial conference order. | 0.30 | 30.00 | PL |
| Jul-20-20 | discussed with GN the case | 0.10 | 45.00 | MF |
|  | discuss status with mf | 0.10 | 35.00 | GN |
| Jul-31-20 | reviewed court notice of the judge assigned to the case; sent email to staff requesting that they update the case chart;  filed notices in proper folder for future reference | 0.30 | 135.00 | MF |
| Aug-03-20 | Reviewing and docketing court notice in status | 0.10 | 12.50 | PL |
| Aug-26-20 | reviewed status and docket | 0.20 | 25.00 | PL |
| Sep-01-20 | reviewed status | 0.10 | 12.50 | PL |

| Oct-01-20 | Reviewed court order rescheduling  initial conference via phone;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
|-----------|------|------|--------|-----|
| | text w/ cl re: status | 0.10 | 35.00 | GN |
| | review ecf | 0.10 | 35.00 | GN |
| | discuss case and service w/ pl | 0.10 | 35.00 | GN |
| | draft ltr adjournment and extension | 0.30 | 105.00 | GN |
| | researched Judge and drafted letter set up, emailed GN re: certs of default | 0.30 | 37.50 | PL |
| | discussed case with GN re: serving | 0.10 | 12.50 | PL |
| Oct-02-20 | reviewed plaintiffs' motion to adjourn conference; SENT EMAIL TOGN requesting explanation for the  adjournment;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 0.00 | MF |
| | edit, review, and file ltr requesting adjournment and extension | 0.10 | 35.00 | GN |
| Oct-05-20 | reviewed court order rescheduling  initial conference via phone and setting new dates for palintiffs to serve defendants and for parties to submit the status report;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review ecf and telephone call w/ pl in regards | 0.10 | 35.00 | GN |
| | discussed zaika with GN | 0.10 | 12.50 | PL |
| Oct-08-20 | review due diligance, email pl in regards | 0.10 | 35.00 | GN |
| | review emails re: process service | 0.10 | 35.00 | GN |
| | review ecf bounces, email w/ pl | 0.10 | 35.00 | GN |
| | review docket re: pl's email | 0.10 | 35.00 | GN |

|          |                                                                                                                                                                                                                                     |      |        |    |
|----------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|----|
|          | started calendaring dkt # 17                                                                                                                                                                                                         | 0.20 | 25.00  | PL |
|          | calendared with reminders the remaining deadlines in dkt #17, emailed GN                                                                                                                                                             | 0.20 | 25.00  | PL |
|          | emailed DGR back re: file number                                                                                                                                                                                                    | 0.10 | 12.50  | PL |
|          | forwarded DGR status update on re: serving individual defendants                                                                                                                                                                    | 0.10 | 12.50  | PL |
|          | saved AOS, and filed. Emailed GN                                                                                                                                                                                                    | 0.50 | 62.50  | PL |
|          | saved due diligence results in case file and emailed GN                                                                                                                                                                             | 0.20 | 25.00  | PL |
|          | saved AOS for corp. forwarded it to GN and asked if we can file.                                                                                                                                                                    | 0.10 | 12.50  | PL |
| Oct-13-20 | email pl question re service                                                                                                                                                                                                       | 0.00 | 0.00   | GN |
| Oct-15-20 | emailed GN re: have they been served                                                                                                                                                                                               | 0.10 | 12.50  | PL |
| Oct-16-20 | emailed GN back re: filed AOS's                                                                                                                                                                                                    | 0.10 | 12.50  | PL |
| Nov-02-20 | telephone call w/ cl re: status                                                                                                                                                                                                   | 0.10 | 35.00  | GN |
|          | text cl about service                                                                                                                                                                                                               | 0.10 | 35.00  | GN |
| Dec-14-20 | reviewed plaintiffs' motion to adjourn conference; directed staff to update case chart ;  filed notice in the proper folder for future reference                                                                                    | 0.30 | 135.00 | MF |
|          | review docket and text to do to pl                                                                                                                                                                                                  | 0.10 | 35.00  | GN |
| Dec-15-20 | reviewed court order granting plaintiffs' motion to adjourn initial conference, requiring  plaintiffs to file proposed certificates for default and resetting dates for filing motion for default;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.40 | 180.00 | MF |
| Dec-17-20 | calendared motions deadline with reminders and emailed GN                                                                                                                                                                          | 0.20 | 25.00  | PL |

| Date | Description | Hours | Amount | |
|------|-------------|-------|--------|---|
| Dec-21-20 | drafted certificates of default and the affirmation and emailed GN | 0.60 | 75.00 | PL |
| Dec-23-20 | filed the proposed certs of default and GNs affirmation | 0.30 | 37.50 | PL |
| Jan-11-21 | calendared default judgment deadline, emailed GN | 0.20 | 25.00 | PL |
| Jan-12-21 | started drafting damages, texted GN | 0.40 | 50.00 | PL |
| Jan-19-21 | edited damages chart and discussed damages chart with GN | 0.80 | 100.00 | PL |
| Jan-21-21 | drtafted clients declaration, texted GN | 0.30 | 37.50 | PL |
| | drafted a damages chart on his payments | 1.00 | 125.00 | PL |
| Jan-22-21 | reviewed clients payments | 0.10 | 12.50 | PL |
| | discussed case with GN | 0.10 | 12.50 | PL |
| | asked GN how do we send plaintiff declaration | 0.10 | 12.50 | PL |
| | emailed Plaintiff his declaration for him to sign | 0.30 | 37.50 | PL |
| Jan-26-21 | discussed case with GN re: plaintiffs declaration | 0.10 | 12.50 | PL |
| | reviewed the judges rules and drafted GNs declaration , emailed Plaintiff to return declaration ASAP, texted GN to review damages chart | 1.40 | 175.00 | PL |
| | discussed case with GN re: damages chart | 0.20 | 25.00 | PL |
| | revised the plainitff declaration as per his request | 0.40 | 50.00 | PL |
| | revised damages chart, asked GN to review | 0.30 | 37.50 | PL |
| | input corp invoice, called dgr for the costs for the indvidual AOSs and the due dilgigence costs as well. Input costs into PC LAW. Discuss case with GN. | 0.40 | 50.00 | PL |

| Date | Description | Hours | Amount | By |
|------|-------------|-------|--------|----|
| Jan-27-21 | finished GNs declaration, drafted proposed order to show cause | 0.70 | 87.50 | PL |
| | drafted proposed judgment and started drafting statement of damages | 0.40 | 50.00 | PL |
| | continued to work on the statement of damages and finished drafting the statement of damages, notified GN | 0.30 | 37.50 | PL |
| | filed the default motion | 0.80 | 100.00 | PL |
| Jan-28-21 | Reviewed proposed certificate of default, proposed order to show cause without emergency relief, calculation of damages   and declaration in support filed in court;  directed staff to  update case chart ;  filed notice  in the proper folder for future reference | 0.50 | 225.00 | MF |
| | Reviewed court notice of clerks office approving filed proposed certificate of default and proposed order to show cause without emergency relief and referring the documents to the court;  directed staff to  update case chart ;  filed notice  in the proper folder for future reference | 0.40 | 180.00 | MF |
| Feb-17-21 | messaged GN, re: ask where to serve : priority mail with tracking | 0.30 | 37.50 | PL |
| | printed out default motion, prepared and mailed out | 0.80 | 100.00 | PL |
| | drafted a certificate of service | 0.30 | 37.50 | PL |
| | filed Certficate of service | 0.20 | 25.00 | PL |
| Apr-23-21 | calendared order bounce and emailed GN | 0.10 | 12.50 | PL |
| May-04-21 | discussed bounce with gn reviwed judges order | 0.50 | 62.50 | PL |
| May-05-21 | did additional paragraphs re: judges request re: Default amended | 0.30 | 37.50 | PL |
| May-07-21 | reviewed plaintiffs declaration with GN | 0.20 | 25.00 | PL |
| May-08-21 | reviwed clients declaration and revised new damages chart | 0.50 | 62.50 | PL |

| | | | | |
|---|---|---|---|---|
| May-13-21 | revised GNs declaration to reflect new amdned damages calcs | 0.70 | 87.50 | PL |
| | revised the statement of damages | 0.30 | 37.50 | PL |
| | finished updating the motion based on damages chart | 0.30 | 37.50 | PL |
| May-20-21 | emailed GN plaintiffs latest revised AFF | 0.10 | 12.50 | PL |
| May-27-21 | reminded GN about revised motions deadline passed | 0.10 | 12.50 | PL |
| Jun-16-21 | dicussed case with GN | 0.30 | 37.50 | PL |
| Jul-01-21 | answered felips email re: zaika | 0.10 | 12.50 | PL |
| Jul-07-21 | Conducted review of file and documents | 0.10 | 37.50 | KH |
| Jul-14-21 | calendared bounce | 0.10 | 12.50 | PL |
| Jul-20-21 | revised default and dmages | 0.80 | 100.00 | PL |
| Jul-21-21 | spoke to GN re: default | 0.60 | 75.00 | PL |
| | filed revised zaika default | 0.60 | 75.00 | PL |
| Aug-05-21 | reached out to GN re : judges deadline tomorrow | 0.20 | 25.00 | PL |
| Aug-06-21 | Conducted review of file | 0.50 | 187.50 | KH |
| Aug-12-21 | reviewed Servicos AOS but the AOS had a mistake , discussed with FG and emailed Servico back to fix it asap | 0.20 | 25.00 | PL |
| | emailed Mercedes from servico again re: please edit AOS again | 0.10 | 12.50 | PL |
| | prepared docs to mail out, printed out default , discussed with GNand drafted AOS | 1.40 | 175.00 | PL |
| Aug-23-21 | discussed case with FG and texted GN if we can file AOSs | 0.30 | 37.50 | PL |
| | prepared AOS for corp for filing asper judges request | 0.30 | 37.50 | PL |

| Sep-02-21 | updated status to new defense counsel appearance | 0.10 | 12.50 | PL |
|-----------|--------------------------------------------------|------|-------|-----|
|           | Totals                                           | 28.65 | $4,977.50 | |

**DISBURSEMENTS**

| Jun-05-20 | Filing Fee | 400.00 |
|-----------|------------|--------|
| Oct-06-20 | Due Diligence on Mandeep Oberoi | 112.00 |
|           | Due Diligence on Pooja Patel | 112.00 |
|           | Process Server: Mandeep Oberoi | 109.50 |
| Oct-07-20 | Process Server: Zaika Food Company LLC | 89.00 |
|           | Process Server:Pooja Patel | 109.50 |
|           | Totals | $932.00 |

**Total Fee & Disbursements**                                                          **$5,909.50**

**Balance Now Due**                                                                    **$5,909.50**

# EXHIBIT C

**NAYDENSKIY LAW FIRM LLC**
**281 Summerhill Rd, Suite 210**
**East Brunswick, NJ 08816**

Invoice submitted to:

zaika

| | |
|---|---|
| Invoice # | **20126** |
| Invoice Date | **12/10/2021** |
| For Services Through | 12/10/2021 |
| Terms: | **N/A** |

| **Date** | **By** | **Service Summary** | **Hours/Rate** | **Amount** |
|---|---|---|---|---|
| | | **In Reference To: zaika (Labor)** | | |
| 10/12/2021 | Gennadiy Naydenskiy | *Documentation* draft mediation statement | 1.30 at $ 350.00/hr | $ 455.00 |
| 10/12/2021 | Gennadiy Naydenskiy | tel w/ cl re: mediation strategy | 0.10 at $ 350.00/hr | $ 35.00 |
| 10/12/2021 | Gennadiy Naydenskiy | review defendants' mediation statement | 1.00 at $ 350.00/hr | $ 350.00 |
| 10/14/2021 | Gennadiy Naydenskiy | tc w mediator | 0.40 at $ 350.00/hr | $ 140.00 |
| 10/14/2021 | Gennadiy Naydenskiy | legal research salary basis | 0.80 at $ 350.00/hr | $ 280.00 |
| 10/15/2021 | Gennadiy Naydenskiy | *Phone Call* tc w/ cl re: mediation prep | 0.30 at $ 350.00/hr | $ 105.00 |
| 10/18/2021 | Gennadiy Naydenskiy | mediation | 6.60 at $ 350.00/hr | $ 2,310.00 |
| 11/02/2021 | Gennadiy Naydenskiy | review def ltr to court and reply email to oc | 0.10 at $ 350.00/hr | $ 35.00 |
| 11/05/2021 | Gennadiy Naydenskiy | *Documentation* edit draft agreement | 0.70 at $ 350.00/hr | $ 245.00 |
| 11/05/2021 | Gennadiy Naydenskiy | *Documentation* review and edit draft agreement | 0.50 at $ 350.00/hr | $ 175.00 |
| 11/08/2021 | Gennadiy Naydenskiy | settlement agreement- review def redline edits, make redline edits and email oc | 0.60 at $ 350.00/hr | $ 210.00 |
| 11/09/2021 | Gennadiy Naydenskiy | review email from OC Lowe | 0.10 at $ 350.00/hr | $ 35.00 |
| 11/09/2021 | Gennadiy Naydenskiy | review email from oc Alfons, review docket, reply to Lowe and Alfons | 0.10 at $ 350.00/hr | $ 35.00 |
| 11/12/2021 | Gennadiy Naydenskiy | review and further edit settlement agreement | 0.40 at $ 350.00/hr | $ 140.00 |
| 11/24/2021 | Gennadiy Naydenskiy | draft/edit fairness motion | 0.80 at $ 350.00/hr | $ 280.00 |
| 11/30/2021 | Gennadiy Naydenskiy | further edit settlement motion | 0.90 at $ 350.00/hr | $ 315.00 |
| 12/10/2021 | Gennadiy Naydenskiy | review and edit fairness motion | 0.20 at $ 350.00/hr | $ 70.00 |

*Total Hours:  14.90 hrs*

*Total Labor: $ 5,215.00*
**Total Invoice Amount: $ 5,215.00**
**Previous Balance:          $ 0.00**
**Balance (Amount Due): $ 5,215.00**